UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

REYNA CAPITAL CORPORATION                                                                 PLAINTIFF

VS.                                                              CIVIL ACTION NO. 3:07CV17 DPJ-JCS

B.T.S., INC. OF MISSISSIPPI
DENNIS C. SWEET III, GUARANTOR                                                        DEFENDANTS

ORDER

This cause is before the Court on motion of Plaintiff Reyna Capital Corporation to remand this case to the County Court of Rankin County, Mississippi pursuant to 28 U.S.C. § 1447. Defendant Dennis Sweet III has responded in opposition. The Court, having considered the memoranda of the parties, along with the pertinent authorities, concludes that Plaintiff's motion should be granted.

I.      FACTS AND PROCEDURAL HISTORY

In the Common Pleas Court of Montgomery County, Ohio, Reyna Capital obtained a default judgment against Defendants B.T.S. and Dennis Sweet, Guarantor. Reyna Capital then proceeded to file a Notice of Filing of Foreign Judgment in the County Court of Rankin County, Mississippi pursuant to Mississippi Code Annotated § 11-7-301. Defendant Sweet subsequently removed the case to this Court pursuant to 28 U.S.C § 1441(b), alleging that the Ohio court did not have personal jurisdiction over him when it rendered the judgment at issue.

Defendant Sweet reasons that 28 U.S.C. § 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States" and because "[i]t is clearly established and set forth in the laws of the United

States that a court must have *in personam* jurisdiction over a party before judgment can be issued for or against said party," this Court has jurisdiction over this controversy.

Plaintiff, on the other hand, asserts that remand is in order because the face of the complaint does not raise a federal question and Defendant's desire to raise a defense based on lack of jurisdiction does not render the case removable.  In addition, Plaintiff points out that B.T.S. did not join in this removal and argues that because the requirements of 28 U.S.C. § 1446 have not been complied with, the case should be remanded.

II.     ANALYSIS

The issue is whether federal question jurisdiction is proper in an action to enforce a judgment where the defendant challenges the in personam jurisdiction of the court imposing the underlying judgment.

"The presence or absence of federal question jurisdiction is governed by the well-pleaded complaint rule, which states that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Lorenz v. Texas Workforce Com'n*, No. 05-50938, 2006 WL 3102581, *2 (5th Cir. Oct. 30, 2006) (*citing Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987)).  A potential defense does not provide a basis for removal.  *PCI Transp., Inc. v. Fort Worth & Western R. Co.*, 418 F.3d 535, 543 (5th Cir. 2005); *Caterpillar*, 482 U.S. at 393.[1]

Here, the Complaint seeks to enroll a foreign judgment pursuant to Mississippi Code Annotated § 11-7-301 in Rankin County, Mississippi.  The Complaint does not give rise to federal question jurisdiction.  Morever, Plaintiff is correct that Defendant Sweet's attempt to

---

[1] Preemption is not an issue in this case.

defend against the judgment by attacking the exercise of personal jurisdiction by the Ohio court does not provide a basis for removal.

Defendant Sweet argues in his response that a lack of *in personam* jurisdiction is a jurisdictional issue, not a defense.  As an initial matter, state courts must possess personal jurisdiction over the parties before them.  The mere fact that a party challenges jurisdiction under the United States Constitution does not create federal question jurisdiction in federal court.  If it did, then every state court case involving a question of personal jurisdiction would be removable.  Even accepting Defendant Sweet's argument that this is a "jurisdictional issue" rather than a defense, he  fails to cite any authority for his position that a "jurisdictional issue" trumps the well-pleaded complaint rule such that federal question jurisdiction would exist.

Because the Court concludes that federal question jurisdiction is lacking in this action, it is not necessary to reach Plaintiff's alternative grounds for remand, that is, the failure of B.T.S. to join in the removal.

Based on the foregoing, Plaintiff's motion to remand is granted.

**SO ORDERED AND ADJUDGED** this the 21th day of March, 2007.

                                              s/ *Daniel P. Jordan III*
                                              UNITED STATES DISTRICT JUDGE